UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY MARK SIVAK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BRYON LYNN WINMILL; DAVID C. NYE; M. DOUGLAS HARPOOL; STEPHEN KENYON; STATE OF IDAHO; VERNON GREENLAND, JR.; JAY CHRISTENSEN; JEFFREY TERRAROSA; RANDY VALLEY; JEFFREY REHORN; C/O MAES; DEREK GOVERNOR; CYNTHIA CRAIG MARTINEZ; IDAHO DEPARTMENT OF CORRECTION; KRISTINA WALDRAM; IDAHO BAR; IDAHO JUDICIAL COUNCIL; IDAHO SUPREME COURT; and IDAHO COURT OF APPEALS,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00014-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff, an Idaho state prisoner, is a frequent litigator in this Court who has more than three strikes under 28 U.S.C. § 1915(g). This case was initially opened as a habeas corpus case, but it was later converted into a civil rights action. *See* Dkt. 16. Because the initial pleading violated General Order 342(A), which governs civil rights complaints filed by pro se prisoners, Plaintiff was then instructed to file an amended complaint. *See* Dkt. 17.

　　　　In response, Plaintiff filed a document entitled, "Petition for Writ of Coram Nobis (Writ of Error Coram Nobis)." *See* Dkt. 19. In that document, Plaintiff clarifies that he did *not* intend to file a civil rights action. Instead, he sought to file this action as a "criminal complaint." *Id*. at 4.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

The Court now reviews Plaintiff's filings in this action to determine whether any of the claims contained therein should be summarily dismissed under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case without prejudice.

**1.     Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

**2.    Plaintiff's Pleadings Do Not State a Plausible Claim for Relief**

This is not Plaintiff's first attempt to file a criminal complaint in this Court. As Plaintiff is well aware, "a federal criminal proceeding can be commenced only by the United States—not by an individual citizen." *Sivak v. Duggan*, No. 1:21-CV-00166-BLW, 2021 WL 1881038, at *1 (D. Idaho Apr. 26, 2021); *see also Sivak v. Doe*, No. 1:19-CV-00234-DCN, 2019 WL 13240389, at *2 (D. Idaho Sept. 11, 2019); *Sivak v. Wilson*, No. 1:93-CV-00081-EJL, 2014 WL 12634293, at *2 (D. Idaho June 20, 2014), *aff'd*, 646 F. App'x 523 (9th Cir. 2016).

Simply put, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and there is "no

federal constitutional right to have criminal wrongdoers brought to justice," *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987). Therefore, Plaintiff's pleadings fail to state a claim upon which relief may be granted.

3. **Opportunity to Amend**

The Court now considers whether to allow Plaintiff an opportunity to amend. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) . . . by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se litigants so as not to close the courthouse doors to those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome

by amendment. *Id.* at 1135–36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. Plaintiff's claims are barred not because Plaintiff has failed to allege sufficient facts—a deficiency that could be cured by amendment—but because it is clear from the face of Plaintiff's pleadings that he has no cognizable legal interest in a criminal prosecution of Defendants. Therefore, the Court will dismiss this case without leave to amend.

## ORDER

**IT IS ORDERED** that this entire action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

DATED: July 18, 2023

_____
Amanda K. Brailsford
U.S. District Court Judge